UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14350-CIV-CANNON/McCabe

**JOHN C. MCCARTHY**,

    Plaintiff,

v.

**ST. LUCIE COUNTY BOARD OF COMMISSIONERS**
and **LASHERI BAKER**,

    Defendants.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 19]**

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") [ECF No. 15]. The Motion was referred to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 18]. On June 1, 2023, Judge McCabe issued a report recommending that Defendants' Motion be granted in part and denied in part (the "Report") [ECF No. 19]. Defendant St. Lucie County Board of Commissioners filed Objections to the Report [ECF No. 20].[1] The Court has reviewed the Report [ECF No. 19], Defendant St. Lucie County Board of Commissioner's Objections [ECF No. 20], and the full record. For the reasons set forth below, the Report [ECF No. 19] is **ACCEPTED**; the Motion is **GRANTED IN PART AND DENIED IN PART** as set forth below.

---

[1] Neither Plaintiff nor Defendant Baker filed objections to the Report, and the time to do so has elapsed [*See* ECF No. 19 pp. 12-13].

**RELEVANT BACKGROUND**

The following facts are drawn from the Amended Complaint [ECF No. 14] and accepted as true for purposes of this Order.[2]

This case arises from Plaintiff's two arrests while on bond through St. Lucie County's pre-trial program (the "pre-trial program"). The pre-trial program "monitors and administers drug tests for citizens who are currently accused of a crime and are out on bond pending the resolution of their case" [ECF No. 14 ¶ 5]. Defendant LaSheri Baker worked as an officer with the pre-trial program [ECF No. 14 ¶ 4]. Defendant St. Lucie County Board of County Commissioners ("St. Lucie County") "maintains certain control over, and direction of the St. Lucie County pre-trial program" [ECF No. 14 ¶ 5].

On October 30, 2019, Plaintiff was arrested in St. Lucie County and placed on pre-trial release with certain bond conditions [ECF No. 14 ¶ 7]. Plaintiff completed intake with the pre-trial program; during the intake, Plaintiff tested positive for marijuana usage, displaying a THC/Creatinine ratio of 14.27 [ECF No. 14 ¶¶ 8–9; ECF No. 14 p. 12 (drug testing results)]. Plaintiff's bond conditions required that he avoid additional marijuana usage, which would be indicated by an increase in Plaintiff's THC/Creatinine ratio levels [ECF No. 14 ¶ 8]. Plaintiff underwent additional drug testing on November 5, 2019, and November 13, 2019 [ECF No. 14 ¶ 9]. The test results showed that Plaintiff's THC/Creatinine ratio levels for each of the tests was 3.35 and 1.49, respectively [ECF No. 14 ¶ 9; ECF No. 14 p. 13 (drug testing results)]. The tests used by the pre-trial program were provided by Microgenics and were initial screening tests that

---

[2] The Court previously accepted Magistrate Judge McCabe's un-objected to Report and Recommendation and granted Defendants' Motion to Dismiss [ECF No. 13]. In that Order, the Court permitted Plaintiff "**one final opportunity** to file an Amended Complaint" [ECF No. 13 p. 2 (emphasis in original)].

2

do not test for the "specific metabolite" required to identify new drug usage [ECF No. 14 ¶ 10]. The test "specifically instructs the test taker that the initial screening test is not to be relied upon for new usage[,] and a 'more specific alternative chemical method must be used to obtain a confirmed analytical result'" [ECF No. 14 ¶ 11].

Based upon the November 5 and November 13 tests, Plaintiff was arrested by the pre-trial program on November 21, 2019; no confirmation test was performed by Baker prior to the arrest [ECF No. 14 ¶¶ 12–13]. Plaintiff requested that his attorney have a confirmation test performed, which showed that his THC/Creatinine levels had decreased with each test, indicating there had been no new marijuana usage [ECF No. 14 ¶¶ 14–15]. Plaintiff's attorney notified the State of Florida, following which Dr. Aaron Brown of Cordant Forensic Solutions advised the State that the screening test is unable to determine new usage [ECF No. 14 ¶ 16]. The State then agreed to reinstate Plaintiff's bond without a hearing; Plaintiff's bond was ultimately reinstated by the trial court on December 20, 2019 [ECF 14 ¶ 17; ECF No. 14 pp. 14–16 (trial court order)]. Plaintiff and his attorney then informed Robert Worcester, the supervisor of the pre-trial program, about the issues with using a screening test to detect new usage [ECF No. 14 ¶ 19; ECF No. 14 pp. 17–21 (emails sent to Worcester)].

On December 26, 2019, following additional drug testing, the pre-trial program found new drug usage by Plaintiff based on the initial screening test; however, no confirmation test was performed [ECF No. 14 ¶ 20]. Based on this test, on December 21, 2019, Baker, with the permission of her supervisor Worcester, moved to have Plaintiff arrested for violating his bond [ECF 14 ¶ 21]. Once the samples were re-tested by Cordant labs, the lab found no evidence of new drug usage [ECF No. 14 ¶ 23]. The State Attorney's office again agreed to reinstate Plaintiff's bond without a hearing, and the trial court judge issued an order reinstating the bond [ECF No. 14

¶ 23; ECF No. 14 pp. 22–25 (trial court order)]. Plaintiff was incarcerated from January 3, 2020, to January 8, 2020, for this alleged violation [ECF No. 14 ¶ 23].

On the basis of these allegations, Plaintiff filed a four-count Amended Complaint against Defendants [ECF No. 14]. The Amended Complaint asserts the following claims against Defendants:

- Count I – Civil Rights Violation Under 42 U.S.C. § 1983 Against Baker [ECF No. 14 ¶¶ 25–32].

- Count II – Common Law False Imprisonment/Arrest Against Baker [ECF No. 14 ¶¶ 33–37].

- Count III – Civil Rights Violation Under 42 U.S.C. § 1983 Against St. Lucie County [ECF No. 14 ¶¶ 38–44].

- Count IV – Common Law False Imprisonment/Arrest Against St. Lucie County [ECF No. 14 ¶¶ 45–49].

On April 13, 2023, Defendants filed a Motion to Dismiss, arguing that the Section 1983 claims in the Amended Complaint (Counts I & III) should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 15]. On June 1, 2023, Judge McCabe issued the Report, recommending that Defendants' Motion to Dismiss be granted in part and denied in part [ECF No. 19]. Defendant St. Lucie County filed Objections on June 15, 2023 [ECF No. 20].[3] The Report is ripe for adjudication.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822

---

[3] Plaintiff did not file a response to Defendant St. Lucie County's Objections, and the time to do so has elapsed [*See* ECF No. 19 pp. 12–13].

4

(11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

The Report recommends that the Court dismiss Plaintiff's Section 1983 claim against Defendant Baker and allow Plaintiff's Section 1983 claim against St. Lucie County to proceed only insofar as it is brought under a "failure to train" theory of liability regarding Plaintiff's second arrest [ECF No. 19 p. 12]. Specifically, the Report concludes that Defendant Baker is entitled to qualified immunity on Plaintiff's Section 1983 claim because, in the absence of any controlling case law, Defendant Baker "lacked 'fair notice' that she would be violating Plaintiff's constitutional rights by causing him to be arrested based on the results of his successive, close-in-time drug screening tests" [ECF No. 19 pp. 5–8].[4] On Plaintiff's Section 1983 claim against St. Lucie County, the Report recommends that the Court dismiss the claim to the extent that it proceeds on a "custom and practice" theory, because the Amended Complaint relies only on Plaintiff's case and thus does not "show a widespread practice of arrests based solely on drug screening results, which results were later disproven by confirmation testing" [ECF No. 19

---

[4] No party has objected to this portion of the Report and the time to do so has elapsed [*See* ECF No. 19 pp. 12–13].

pp. 9–10 (emphasis in original)]. The Report also concludes, however, that the Amended Complaint states a viable claim under Section 1983 based on a failure to train theory as it relates to Plaintiff's *second* arrest [ECF No. 19 pp. 10–12]. The Report notes that "the allegations related to Plaintiff's first arrest and subsequent exoneration served to put [St. Lucie] County on notice of a need to train its probations officers as to the limited value of successive, close-in-time drug screening test results and their inability to determine new drug usage, without first obtaining confirmation testing" [ECF No. 19 p. 12]. Despite this notice, the Report finds that, based on the allegations in the Amended Complaint, St. Lucie County made a deliberate decision to forego additional training, leading to Plaintiff's second arrest and subsequent exoneration [ECF No. 19 p. 12].

St. Lucie County's objections center on the Report's recommendation that the Court permit Plaintiff's Section 1983 claim to proceed on a failure to train theory with regard to Plaintiff's second arrest. Specifically, St. Lucie County argues that Plaintiff's first arrest and subsequent exoneration were not sufficient to place it on notice of a need for further training regarding drug testing [ECF No. 20 pp. 6–7]. However, as the Report notes [ECF No. 19 p. 11], and as St. Lucie County concedes [ECF No. 20 pp. 6–7], the Eleventh Circuit pattern jury instruction on a Section 1983 failure to train claim allows for the imposition of liability based on "at least one earlier instance of [materially similar] unconstitutional conduct." Eleventh Circuit Pattern Jury Instruction (Civil) No. 5.11, Government Entity Liability for Failure to Train or Supervise. Here, the Amended Complaint alleges that St. Lucie County, through its pre-trial program supervisor—and following Plaintiff's first arrest and subsequent exoneration—was on notice of the issues associated with relying on the screening drug tests to establish new drug usage [ECF No. 14 ¶¶ 15–19]. The Court agrees with the Report that, at this juncture, these allegations

6

are sufficient to show "at least one earlier instance of [materially similar] unconstitutional conduct" as required for a Section 1983 failure to train claim [ECF No. 19 pp. 11–12 (noting that "this ruling does not preclude a different result at summary judgment based on the facts and circumstances developed during discovery")].

St. Lucie County's objection that there is no evidence of a deliberate choice not to provide additional training is understandable but ultimately does not alter the Court's conclusion for pleading purposes at this stage [ECF No. 20 p. 7]. St. Lucie County notes that there was only a six-day period between Plaintiff's exoneration on December 20, 2019, and his subsequent drug test on December 26, 2019, and that the time period "encompass[ed] the Christmas holiday" [ECF No. 20 p. 7]. All of this is likely true as a factual matter, but the allegations in the Amended Complaint, taken as a whole, remain sufficient to plausibly establish that, despite the notice provided to St. Lucie County, St. Lucie County did not take any steps to provide additional training to the pre-trial program officers regarding the issues with the use of the screening drug tests. By contrast, the Amended Complaint alleges that the supervisor of the pre-trial program, Worcester, authorized Plaintiff's second arrest without first seeking confirmation testing, even though Worcester previously had been made aware by Plaintiff's attorney that the screening test could not detect new usage [ECF No. 14 ¶¶ 19–22]. For these reasons, and for the reasons stated in the Report, the Court agrees with Judge McCabe as to Plaintiff's second arrest only that the allegations at this stage are sufficient to state a viable claim that St. Lucie County deliberately forewent further training of its officers, thus causing Plaintiff to be arrested a second time. Nothing in this Order should be construed as an indication of the ultimate merits of Plaintiff's claims.

CASE NO. 22-14350-CIV-CANNON/McCabe

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 19] is **ACCEPTED**.

2. Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 15] is **GRANTED IN PART AND DENIED IN PART**.

    a. Plaintiff's Section 1983 claim against Defendant LaSheri Baker (Count I) is **DISMISSED WITH PREJUDICE**.[5]

    b. Plaintiff's Section 1983 claim against Defendant St. Lucie County Board of Commissioners (Count III) will be permitted to proceed on the "failure to train" theory based on Plaintiff's second arrest only.[6]

3. Defendants shall file an Answer to Counts II–IV of the Amended Complaint on or before **September 25, 2023**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 10th day of September 2023.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record

---

[5] The Court previously granted Plaintiff "**one final opportunity** to file an Amended Complaint" [ECF No. 13 p. 2 (emphasis in original)]. Plaintiff's Amended Complaint remains deficient as to Count I. Thus, Count I is due to be dismissed with prejudice.

[6] To the extent Count III is based on a "custom or policy" theory or on Plaintiff's first arrest, it is **DISMISSED WITH PREJUDICE**. Plaintiff offers nothing to suggest it could plead a widespread pattern of conduct as would be required to state a plausible custom-and-practice claim against St. Lucie County. Nor is there any basis to believe that Plaintiff could plead at least one earlier instance of unconstitutional conduct materially similar to Plaintiff's first arrest.